# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GLEN DALE HORNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:12-cv-259-JMS-WGH |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Dismissing Action**

**I.**

Glen Dale Horner is confined in this District and expects to be released on a detainer from state authorities within the next few weeks. He seeks in this mandamus action to compel federal prison authorities to honor a detainer from the State of Alabama rather than the detainer from the State of Texas.

Because Glen Dale Horner is a prisoner, his petition for a writ of mandamus ("petition") is subject to the screening required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

The plausibility requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure, see Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."), is defeated, however, when a plaintiff pleads himself out of court "by alleging facts that show there is no viable claim.@ *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir. 2008); *see also Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

Writs of mandamus are authorized by 28 U.S.C. § 1361, which grants district courts jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In *Cheney v. United States Dist. Court,* 542 U.S. 367 (2004), the Supreme Court noted that "the writ is one of the most potent weapons in the judicial arsenal" and identified the three conditions that must be satisfied before it may issue:

> First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires-a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*Id.* at 380-81 (internal citations and quotation marks omitted); *see also In re Hijazi,* 589 F.3d 401, 406-07 (7th Cir. 2009).

The second of these three requirements is critical here. "The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *United States ex rel. McLennan v. Wilbur,* 283 U.S. 414, 420 (1931). As recognized in *Save the Dunes Council v. Alexander*, 584 F.2d 158, 162 (7th Cir. 1978), "the judiciary cannot compel through writ of mandamus a federal official to perform any function unless the official is clearly directed by law to perform such a duty."

The United States Supreme Court held in *Ponzi v. Fessenden,* 258 U.S. 254, 262 (1922), that determining whether the federal or state government has prior jurisdiction over the person of an accused rests on principles of comity between the two sovereigns. This ruling has been understood since that time as explained in *Jeter v. Keohane,* 739 F.2d 257, 258 (7th Cir. 1984): "An individual who has violated the laws of two or more sovereigns may not complain of the order in which he is to serve the various sentences" (citing cases).

It is apparent, therefore, that federal authorities are under no clear and indisputable duty to honor the detainer lodged by Alabama rather than that lodged by Texas. Horner is not entitled to a writ of mandamus requiring the action he seeks.

## II.

For the reasons explained above, the petition fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim for the relief which is sought. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue. The dismissal shall be without prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: ____09/06/2012_____

Distribution:

Glen Dale Horner
Reg. No. 07228-078
FCI-Terre Haute
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN  47808

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana