# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GLEN DALE HORNER,                                     ) | |
|                                                                            ) | |
|                             Plaintiff,    ) | |
|                                                                            ) | |
| vs.                                                                    ) | 2:12-cv-259-JMS-WGH |
|                                                                            ) | |
| FEDERAL BUREAU OF PRISONS,   ) | |
|   et al.,                                                               ) | |
|                                                                            ) | |
|                             Defendants.  ) | |

## Entry Discussing Motion for Reconsideration

Mr. Horner's petition for a writ of mandamus was dismissed pursuant to 28 U.S.C. § 1915A(b). Final judgment was entered on the clerk's docket on September 6, 2012. A motion for reconsideration has now been filed. Given the timing of the motion for reconsideration relative to the entry of final judgment, and given the arguments set forth in such motion, the motion is treated as labeled and as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

There was no error of understanding Mr. Horner's claim and no error of law in the resolution of his mandamus petition. No new evidence has been offered. Accordingly, the motion for reconsideration, treated as a motion to alter or amend

judgment [10], is denied. *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)("Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact.")(citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000)).

**IT IS SO ORDERED**.

Date: 09/20/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Glen Dale Horner
FCI-Terre Haute
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN  47808